**COMP**
LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, NV 89107
Telephone: (702) 258-3034
Facsimile: (702) 258-0093
court@lesstovall.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CONAN OBENCHAIN, )<br><br>                    Plaintiff, )<br>vs. )<br>                            )<br>REGIONAL TRANSPORTATION )<br>COMMISSION OF SOUTHERN NEVADA; )<br>CLARK COUNTY; ROES I-X, and DOE )<br>CORPORATIONS I-X, inclusive. )<br>                            )<br>                    Defendants. )<br>_____) | CASE NO.:<br>DEPT. NO.: |

## COMPLAINT

COMES NOW, Plaintiff, CONAN OBENCHAIN, by and through his attorney,

STOVALL & ASSOCIATES, and for his cause of action against the Defendants, and each of

them, alleges as follows:

I.

That Plaintiff CONAN OBENCHAIN, is and at all times mentioned herein, was a resident

of Clark County, Nevada.

II.

That Defendant REGIONAL TRANSPORTATION COMMISSION of SOUTHERN NEVADA, is and at all times mentioned herein, was a political subdivision of the State of Nevada (hereinafter referred to as "Defendant" or "RTC").

III.

That Defendant CLARK COUNTY, is and at all times mentioned herein, was a political subdivision of the State of Nevada (hereinafter referred to as "Defendant" or "CLARK COUNTY").

IV.

That the identities and the capacities of the Defendants designated herein as DOES I-X or ROE CORPORATIONS I-X, are unknown to Plaintiff at this time, but are believed to be individuals, partnerships, companies and corporations who were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including, but not limited to: ownership of, design of, building of, erection of, placement of, approval of, maintenance of, entrustment of, sale of, resale of, placing into the stream of commerce of, inspection of, or operation of, the bus shelter referred to herein. As the specific identities of these unknown parties are revealed through discovery, the DOE or ROE appellation will be replaced to identify these parties by their true names and capacities.

V.

That hereinafter references to "Defendants" include collective reference to all named Defendants, and all DOE and ROE Defendants who might have performed or failed to perform

1    the same actions hereinafter alleged committed by the named Defendants.

2                                                        VI.

3          That at all times mentioned herein, the named Defendants, including but not limited to,

4

5    DOES I-X or ROE CORPORATIONS I-X, were agents, servants, employees or joint venturers of

6    every other Defendant named herein, and at all times mentioned herein were acting within the

7    scope and course of said agency, employment or joint venture with knowledge and permission and

8    consent of all other named Defendants in the initiation, approval, support, or execution of one or

9

10   more of the wrongful acts or omissions upon which this action is premised, or of similar actions

11   directed against Plaintiff about which Plaintiff is presently unaware, and which directly and

12   proximately caused injury and damages to Plaintiff, including, but not limited to: ownership of,

13   design of, building of, erection of, placement of, approval of, maintenance of, entrustment of, sale

14   of, resale of, placing into the stream of commerce of, inspection of, or operation of, the bus shelter

15   referred to herein.

16

17                                                      VII.

18         That on or about February 5, 2012, Plaintiff CONAN OBENCHAIN was waiting for a bus

19   at a bus stop and shelter located on Spring Mountain Road, 400 feet West of El Camino Road

20   (hereinafter "the bus shelter").

21

22                                                      VIII.

23         That at the same time, LYNN NOEL LARDEO was operating her 2005 Acura TSX

24   westbound on Spring Mountain Road.

25                                                       IX.

26         That LYNN NOEL LARDEO negligently and recklessly operated her vehicle in such a

27

28   manner that she veered to the right and drove up onto the north sidewalk.

X.

The vehicle driven by LYNN NOEL LARDEO continued westbound with its right wheels traveling on the sidewalk.

XI.

The right front of the vehicle driven by LYNN NOEL LARDEO struck the left side of the supporting structure of the bus stop and continued on, striking the plaintiff CONAN OBENCHAIN causing him severe bodily injuries.

XII.

That LYNN NOEL LARDEO was intoxicated at the time she struck the plaintiff CONAN OBENCHAIN with her vehicle.

XIII.

That the defendants have limited the public's access to the public bus system to designated bus stops.

XIV.

That the defendants have caused shelters to be designed, constructed and maintained at bus stops for the use of the public waiting to access the buses operated by the public bus system.

XV.

That the public has no other access to the public bus system the designated bus stops.

XVI.

That the defendants located the bus stop and shelter on Spring Mountain Road 400 feet West of El Camino Road, in Clark County Nevada prior to the above described accident that occurred on February 5, 2012 accident.

XVII.

That the bus stop shelter was placed on the sidewalk with its front aspect positioned approximately 1.5 to 3.0 feet away from the roadway curb of the Spring Mountain Road which is subject to heavy motor vehicle traffic.

XVIII.

That the defendant positioned the bus stop shelter without protective barriers to provide a place of safety to bus stop passengers sitting in the shelter.

XIX.

That defendants placed a bus stop which was not designed of withstand the impact of a vehicle traveling at a reasonable speed on Spring Mountain Road.

XX.

The defendants placed the bus stop shelter without providing any warning to bus passengers of the dangerous position of the shelter, the risk of injury from vehicle collision due to the lack of protective devices or the risk of injury due to the inadequate design of the bus shelter.

XXI.

That the defendants knew that limited access to the public bus system to bus stop causes bus passengers to congregate in close proximity to heavy motor vehicle traffic.

XXII.

That the defendants knew that the location of the bus stop or Spring Mountain Road, 400 West of El Camino Road placed the public waiting for buses at a foreseeable and significant risk of injury from vehicles leaving the roadway and driving into the bus shelter.

XXIII.

That defendants placement of the condition of the bus stop shelter at Spring Mountain Road, 400 West El Camino Road created significant and foreseeable risk of injury to bus passengers waiting for a bus.

XXIV.

That the foreseeable and significant risk of a vehicle leaving Spring Mountain Road and striking the bus stop shelter in fact occurred in a separate incident prior to February 5, 2012.

XXV.

That the defendants knew of a safety study of bus stops shelters, in Clark County prior to the February 5, 2012 accident in which the plaintiff was injured. This study informed the defendants that the location and condition of the subject bus stop shelter posed a significant risk of injury to occupants of the bus shelter by motor vehicle collisions.

XXVI.

That knowing of the prior vehicular collision with the subject bus stop shelter and the results of the safety study, the defendants consciously and intentionally decided not to remove, close or modify the subject bus stop, but to allow the continued used of the bus stop shelter.

XXVII.

That the decision to allow he continued use of the subject bus stop shelter under the circumstances demonstrated a deliberate and conscious disregard of the dangerous condition of the subject bus stop shelter and the safety of individuals using the subject shelter.

///

///

## XXVIII.

That the decision to allow the continued use of the subject bus stop shelter establishes a level of capability that shocks the consciousness of any reasonable and responsible person.

## XXIX.

That the aforementioned policies, acts and omissions of defendants constitute a denial of plaintiffs right to procedural and substantive due process guaranteed by the Fourteenth (14th) Amendment to the United States Constitution, and 42 USC 1983 including, but not limited to:

1.      Freedom from injury due to a danger created by a state policy, custom, procedure or practice as described above.

2.      Freedom from injury due to the intentional acts, deliberate indifference and conscious disregard of an individual's life, safety, and well being by individuals acting under "color of state law."

## XXX.

That as a direct and proximate result of the aforementioned violation of the Fourteenth Amendment to the United States Constitution and the provisions of 42 USC 1983 by defendants, plaintiff suffered severe bodily and emotional injury and disability.

## XXXI.

That as a direct and proximate result of the aforementioned violation of the Fourteenth Amendment of the United States Constitution and the provisions of 42 USC 1983 by the defendants, plaintiff has suffered damages consisting of the past and future cost of medical care to treat the injuries caused by the defendants all of his damage in a sum in excess of $10,000.00.

## XXXII.

That as a direct and proximate result of the aforementioned violation of the Fourteenth

1  Amendment of the United States Constitution and the provisions of 42 USC 1983 by the

2  defendants, plaintiff suffered severe pain, emotional distress and physical disability, all of his

3  damages in a sum in excess of $ 10,000.00.

4

5                                      XXXIII.

6       That when the defendants violated the Fourteenth Amendment of the United States

7  Constitution and the provisions of 42 USC 1983 on February 5, 2012, they intentionally with

8  deliberate indifference and a conscious disregard of the life, safety and well being of plaintiff and

9  was aware of the probable dangerous consequences of its conduct and wilfully and deliberately

10  failed to avoid these consequences justifying an award of punitive damages in a sum in excess of

11

12  $10,000.00.

13       WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint at the time

14  of trial to include all items of damages not yet ascertained, demands judgment against Defendants,

15  and each of them, as follows:

16

17       1.       For general damages sustained by Plaintiff in a sum in excess of $ 10,000.00;

18       2.       For special damages sustained by Plaintiff in sum in excess of $10,000.00;

19       3.       For punitive damages;

20       4.       For attorney's fees and costs of suit incurred herein;

21

22       5.       For interest at the statutory rate;

23  ///

24  ///

25  ///

26  ///

27

28

6.      For such other and further relief as the Court deems just and proper in the

premises.


DATED this ____11____ day of July, 2016.

                                                    STOVALL & ASSOCIATES


                                                    _____
                                                    LESLIE MARK STOVALL, ESQ.
                                                    Nevada Bar No. 2566
                                                    2301 Palomino Lane
                                                    Las Vegas, NV 89107
                                                    *Attorneys for Plaintiff*